```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

                                     :
G&G CLOSED CIRCUIT EVENTS, LLC
                                     :

    v.                               :   Civil Action No. DKC 23-2477

ELEVATION CIGARS & LOUNGE LLC,       :
et al., a/k/a Cigars 210, LLC
t/a Cigars 210                       :
```

**MEMORANDUM OPINION**

Plaintiff G&G Closed Circuit Events, LLC ("Plaintiff") filed a motion on September 6, 2024, seeking to extend the time to serve Defendant Robert Gooden ("Mr. Gooden") and to authorize alternative service. (ECF No. 25). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion will be granted.

**I.   Background**

Plaintiff filed this action on September 12, 2023, alleging that Defendant Elevation Cigars & Lounge, LLC ("Elevation") unlawfully intercepted the broadcast of the Gervonta Davis v. Hector Luis Garcia championship bout on January 7, 2023, on which Plaintiff has the exclusive nationwide commercial distribution rights. (ECF No. 1). The Clerk entered default against Elevation on November 13, 2023, for its failure to plead after proper service and issued a notice providing Elevation thirty (30) days to file a motion to vacate the default. (ECF Nos. 10, 11). Mr. Gooden

filed a letter on December 13, 2023, identifying himself as the owner of Elevation and requesting "an extension of the Notice of Default." (ECF No. 12). On January 24, 2024, the court granted Plaintiff leave to amend its complaint to add Robert Gooden as a Defendant. (ECF No. 15). The same date, the Clerk docketed Plaintiff's Amended Complaint (ECF No. 16) and issued a Summons for service on Mr. Gooden. (ECF No. 17).

Thereafter, Plaintiff has been unsuccessful in effecting service on Mr. Gooden after numerous attempts. Plaintiff filed a motion on April 24, 2024, requesting additional time to serve Mr. Gooden citing unsuccessful service attempts. (ECF No. 21). The motion was granted, and Plaintiff was provided until July 23, 2024, to serve Mr. Gooden (ECF No. 22).

Plaintiff attaches two affidavits of attempted service to the instant motion signed by John Hagis under penalty of perjury. (ECF No. 25-4). They show that Mr. Hagis made two attempts to serve Mr. Gooden at Elevation's business address, six attempts at a residence he owns in Clinton, and another attempt at an address in Waldorf, Maryland. On early attempts to serve at the Clinton, Maryland address, Mr. Hagis was told by the occupants that Mr. Gooden moved to Bagpipe Lane in Waldorf Maryland and that the home was rented. A service attempt was made to the address in Waldorf,

but Mr. Hagis was told that Mr. Gooden moved years ago. On later attempts to serve Mr. Gooden at the Clinton residence, the occupants refused to answer the door even though Mr. Hagis could hear that the occupants were home and cars were in the driveway.

**I.   Analysis**

    **A. Plaintiff's Motion to Extend Time to Effect Service**

    Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m). As properly interpreted, a court must extend the time if good cause is shown and has discretion to extend the time in any event. *Gelin v. Shuman,* 35 F.4th 212, 219 (4th Cir. 2022).

    "Good cause" generally requires the Plaintiff to demonstrate that it exercised "reasonable diligence in trying to effect service." *Jones v. Sears, Roebuck & Co.*, No. DKC-15-3092, 2016 WL 1696557, at *2 (D.Md. Apr. 28, 2016). Circumstances amounting to good cause may be "where a defendant is evading service; where the plaintiff experienced difficulty in obtaining a defendant's proper

address; where court staff misdirected a *pro se* plaintiff as to the appropriate procedure for service; or where plaintiff was unaware of the defendant in service until after the deadline expired." *Id.* (citing *Hoffman v. Balt. Police Dep't*, 379 F.Supp.2d 778, 786 (D.Md. 2005)).

Plaintiff contends that good cause has been established to extend the deadline because good faith efforts to serve Mr. Gooden have not been successful.  The court agrees that Plaintiff has shown that reasonable and diligent efforts were made to effect service.  Accordingly, good cause exists to extend the time to serve Mr. Gooden.

**B. Plaintiff's Motion for Alternate Service**

Rule 4(e)(1) provides, in pertinent part, that an individual defendant may be served pursuant to "state law . . . in the state where the district court is located."  Under Maryland law, service can be effected

> (1) by delivering to the person to be served a copy of the summons, complaint, and all other papers filed with it; (2) if the person to be served is an individual, by leaving a copy of the summons, complaint, and all other papers filed with it at the individual's dwelling house or usual place of abode with a resident of suitable age and discretion; or (3) by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail

4

>   requesting: "Restricted Delivery--show to whom, date, address of delivery."

Md. Rules 2-121(a). Maryland Rule 2-121(b) applies when defendants are evading service, and provides that:

>   When proof is made by affidavit that a defendant has acted to evade service, the court may order that service be made by mailing a copy of the summons, complaint, and all other papers filed with it to the defendant at the defendant's last known residence and delivering a copy of each to a person of suitable age and discretion at the place of business of the defendant.

Md. Rules 2-121(b). Maryland Rule 2-121(c), in turn, provides that:

>   When proof is made by affidavit that good faith efforts to serve the defendant pursuant to section (a) of this Rule have not succeeded and that service pursuant to section (b) of this Rule is inapplicable or impracticable, the court may order any other means of service that it deems appropriate in the circumstances and reasonably calculated to give actual notice.

Md. Rules 2-121(c). To pass constitutional muster, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950); *Elmco Props., Inc. v. Second Nat'l Fed. Sav. Ass'n*, 94 F.3d 914, 920-21 (4th Cir. 1996). "When available, the combination of the two service

5

options of mailing to the last known address and posting service on the door of that address, sometimes referred to as 'nail and mail,' continuously has been found to provide the constitutionally required level of notice in a situation demanding alternative service." *Fid. Nat'l Title Ins. Co. v. M&R Title, Inc.*, No. PWG-12-148, 2013 WL 12423808, at *2 (D.Md. Feb. 15, 2013).

As addressed above, Plaintiff has provided affidavits from Mr. Hagis showing nine unsuccessful service attempts on Mr. Gooden. (ECF No. 25-4). Obviously, service under Md. Rule 2-121(a) has failed. Md. Rule 2-121(b) then requires an affidavit proving that "defendant has acted to evade service." Mr. Gooden is aware of this litigation—and even sent the court a letter on behalf of the business. (ECF No. 12). After receiving that letter, the court entered an order noting the attempted filing by the business, and advising interested parties that a corporate entity must be represented by counsel if it wishes to appear in this court. (ECF No. 15). A copy of the order was mailed to Mr. Gooden at the business' address but the mail was returned as undeliverable. (ECF No. 18).

Plaintiff's proposal to effect "nail and mail" service to the residence Mr. Gooden owns in Clinton, Maryland likely will provide notice "reasonably calculated, under all the circumstances, to

apprise [him] of the pendency of the action and afford [him] an opportunity to present [his] objections." *Mullane*, 339 U.S. at 314.  The property record appended to Plaintiff's motion reflects that the property is designated as a "principal residence."

## II. Conclusion

Plaintiff has attempted diligently to serve Mr. Gooden. Importantly, Mr. Gooden filed a letter in this case on December 13, 2023, identifying himself as the owner of co-Defendant Elevation Cigars & Lounge LLC and requesting "an extension of the Notice of Default."  (ECF No. 12).  Thus, Mr. Gooden has actual notice of this action against Elevation.

In the event, however, that he is unaware that he has been added as a defendant in the Amended Complaint, the court concludes that effectuating service by posting on the door and mailing the Summons and Amended Complaint to the residence owned by Mr. Gooden in Clinton, Maryland is reasonably calculated to provide him with notice of this case and give him a reasonable opportunity to respond.  A separate order follows.

                                    /s/
                        DEBORAH K. CHASANOW
                        United States District Judge